# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 03-282 |
| NOAH MOORE | SECTION "I" |

## ORDER

Before the Court is a fourth motion[1] for reconsideration filed by defendant, Noah Moore ("Moore"). Moore argues that this Court misinterpreted his third motion for reconsideration as one under Rule 60's "savings clause" rather than one pursuant to Rule 60(b)(3). Moore contends that he has proven that he is entitled to relief from the judgment entered against him in the above-captioned matter because the government's alleged misstatement in response to his original 28 U.S.C. § 2255 motion for prevented him from "fully and fairly presenting his case."

In order for this Court to grant the relief that Moore requests pursuant to Rule 60(b)(3), he must show by clear and convincing evidence: (1) that the adverse party engaged in fraud or other misconduct, and (2) that this fraud or misconduct prevented him from fully and fairly presenting his case. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). Even if Moore were able to prove that the government's alleged misstatement rose to the level of "fraud" or "misconduct," a finding that the Court explicitly does not make, he is unable to show how such alleged misstatement prevented him from fully and fairly presenting his argument that his counsel was ineffective for failing to compel discovery of certain recordings. The Court did not rely on the government's alleged misstatement, but instead found that Moore failed to show his counsel was ineffective because: (1) nothing in the record suggested that Moore advised his

---

[1] R. Doc. Nos. 268 and 281. The government has filed a response. R. Doc. No. 273.

counsel of the recordings' contents, and (2) the government had complied with its *Brady* obligations. The government did not "prevail[] by unfair means" as a result of its alleged misstatement in response to Moore's original motion pursuant to 28 U.S.C. § 2255. *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995).

Accordingly,

**IT IS ORDERED** that Moore's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, June 8, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**